IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-62-D |
| | ) | |
| EDDIE L. HUGLEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Eddie L. Hugley, Jr.'s *pro se* Motion to Modify Term of Imprisonment Under S.1789 the "Fairness Sentencing Act of 2010" Cocaine Sentencing Disparity Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 57]. Defendant seeks a reduction of his 60-month prison term by resentencing under a statutory amendment that took effect November 1, 2010. The government has responded in opposition to the Motion, and Defendant has made no timely reply.

For reasons explained in the government's brief, the Court finds that Defendant is not entitled to relief. Defendant was sentenced on August 25, 2009, and received the statutory minimum prison sentence applicable to his offense of conviction at that time. The later-amended statute is not retroactive and, therefore, has no bearing on his case. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). Further, Section 3582(c)(2) applies only when a retroactive amendment of the Sentencing Guidelines has the effect of lowering the applicable sentencing range. Because no such amendment has occurred, this statute would not authorize a reduction of Defendant's prison sentence or his resentencing in any event. *See* U.S.S.G. § 1B1.10(c) (listing covered amendments); *see also United States v. Williams*, 575 F.3d 1075, 1078 (10th Cir. 2009); *cert. denied*, 130 S. Ct. 3453 (2010) (district courts are bound by the limitations of § 1B1.10).

IT IS THEREFORE ORDERED that Defendant's Motion to Modify Term of Imprisonment [Doc. No. 57] is DENIED.

IT IS SO ORDERED this 13th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE